FILED

2006 DEC 13 PM 3: 29

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Curtis Rose, | : | Case No. 1:05CV1018 |
| | : | |
| Petitioner | : | Judge Kathleen M. O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Carl S. Anderson, Warden, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his January 31, 2003 conviction pursuant to a jury trial of one count of felonious assault, upon which he is serving a sentence of eight years incarceration.

Although the petitioner's brief, filed on November 28, 2006, has been considered by this Court the arguments raised therein essentially fail to change this Court's view of this case as reflected in the Report and Recommended Decision of January 12, 2006, which has only been slightly altered.[1]

Petitioner's conviction arose consequent to his altercation with a homeless woman who had hired him to transport her and her disabled father to a grocery store, during which he struck her with

---

[1] Because Your Honor's Order entered September 29, 2006 directed that this Court's previous Report and Recommended Decision be withdrawn the matter is addressed in full in this decision, although much of it is repetitious of the earlier version.

1

a tire iron.

Subsequent to his conviction petitioner filed *pro se* a motion for new trial, alleging that he had located a rebuttal witness whose eyewitness testimony supported his defense, which motion was denied by the trial court on March 13, 2003.

Petitioner appealed his conviction to the Ohio Eighth District Court of Appeals alleging three assignments of error:

> 1. Appellant's Sixth Amendment right to effective assistance of counsel was deprived by Trial Court appointed defense counsel because: (a) counsel disclosed privileged attorney client communications to the Trial Court Judge and prosecutor; (b) counsel did not object to the erroneous date on the indictment; (c) counsel did not object to the leading questions posed by the prosecution on direct examination of the State's witnesses; (d) counsel did not inform the Appellant of the need to subpoena and have his rebuttal witnesses present on the day of the trial in order to present a defense.
>
> 2. The Trial Court erred by: (a) preventing the Appellant from presenting a defense by not allowing Appellant to call an eye witness to the alleged assault; (b) denying the Appellant's request for a jury instruction on a lesser included offense.
>
> 3. The Appellant has an automatic right of appeal under Ohio Revised Code section 2953.08(A)(1)(a) when sentenced to a maximum penalty for one offense.

On May 10, 2004 the appellate court affirmed the conviction.

Petitioner appealed the affirmance of his conviction to the Ohio Supreme Court advancing the following propositions of law:

> **Proposition of Law No. I:** Counsel was denied his Sixth Amendment right to the effective assistance of counsel.
>
> A. Counsel was ineffective in disclosing privileged attorney-client communication to the court.

2

> B. Trial counsel was ineffective for failing to object to the Prosecutor's leading questions on direct examination.
>
> C. Counsel was ineffective for failing to fully cross-examine witnesses.
>
> D. Counsel was ineffective for failing to subpoena witnesses to testify on Defendant's behalf.
>
> E. Counsel was ineffective for failing to offer mitigating evidence at sentencing.
>
> **Proposition of Law No. II:** The trial court erred when it refused to grant a continuance to allow an eye witness to become available.
>
> **Proposition of Law No. III:** The trial court erred in sentencing the appellant to the maximum term of incarceration.

On September 20, 2004 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On April 21, 2005 petitioner filed the instant *pro se* petition, in which he raises the following claims for relief:

> A. **GROUND ONE:** Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting FACTS:** Trial counsel was ineffective for disclosing privileged attorney/client communications to the trial court judge and prosecutor regarding, inter alia, whose choice it was to go to trial; failing to fully cross-examine witnesses and object to leading questions asked by the prosecutor during direct examination, the most damaging instance is when the victim was led to agree the alleged assault took place on 9/24/02 where previous testimony alleged the assault took place two days later; failing to subpoena witnesses on behalf of the defense who are (2) eyewitnesses; failing to offer mitigating evidence at sentencing only asking for a middle range sentence arguing victim not seriously injured. When court

3

granted Petitioner permission to speak on his behalf, he told the court of medical records in the Sheriff's possession proving he has prostate cancer which he signed a release for the records. Counsel made no attempt to argue this in mitigation due to lack of investigation by counsel for a plausible mitigation in sentence.

B. **GROUND TWO:** Petitioner was denied due process when the trial court refused to grant a continuance to allow an eyewitness to become available.

**Supporting FACTS:** Trial courts should not refuse to grant reasonable recesses for purposes of obtaining defense witnesses when it has been shown that the desired testimonies would be relevant and material to the defense. Defense counsel informed the court that both witnesses were present at the time of altercation. Counsel did not subpoena the witnesses. The witness who did not testify because she was with her husband at the hospital at the time but could have been present the next morning. When the trial court failed to recess til the next morning to allow Petitioner to put on his case, it denied Petitioner of his right to fair tribunal under the United States Constitution.

C. **GROUND THREE:** Petitioner denied his due process right to fair tribunal in the administration of equal treatment when imposing the maximum sentence where several factors are present demonstrating that the maximum sentence is not warranted.

**Supporting FACTS:** Aside from Petitioner's medical condition [prostate cancer] the record does not establish the offense was the worst form of offense, no serious injury was sustained by the victim, victim fully recovered prior to trial, victim did not spent overnight in a hospital. These factors should have been considered in imposing sentence but were not. This ground for relief lends support to Petitioner's second ground for relief that he was denied a fair tribunal as required under the federal and state constitutions.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

---

[2]There are no issues of untimeliness in this case.

4

The respondent argues that petitioner's third claim for relief has been procedurally defaulted in light of the fact that it was not presented to the state courts as a federal constitutional claim, but rather as a violation of state law.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same

5

legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, mere use of the term "ineffective assistance" would not alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts the petition should not be dismissed for failure of exhaustion, in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). For example, under a longstanding Ohio procedural rule a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1979), which in turn would leave no remaining available state remedies to exhaust.

However, having survived the exhaustion analysis a petitioner would nonetheless be barred from presenting claims for relief in habeas corpus which were not presented in the state courts unless he/she demonstrates cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman

6

v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004); Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S. Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002).

In this case petitioner raised in the state courts the claim articulated in his third claim for relief purely as a matter of state law, citing state cases to bolster his argument before the state courts, and failed to raise arguments and/or rely on authorities employing federal constitutional analysis. Having failed to do so, this claim must be deemed as defaulted, as petitioner had not demonstrated cause for that failure and actual prejudice consequent thereto. As a consequence, his third claim for relief should not be considered in these proceedings

Turning to a review of the merits of the remaining two claims for relief, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme

Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In petitioner's first claim for relief he alleges that he was denied the effective assistance of trial counsel as a consequence of the following actions: (1) counsel divulged privileged information; (2) counsel failed to adequately cross-examine witnesses; (3) counsel failed to object to the prosecutor's leading questions; and (4) counsel failed to offer mitigating evidence at sentencing.

The fact predicate of Petitioner's fourth argument is that his counsel failed to offer at

sentencing mitigating evidence of his health problem, causing the trial court to sentence him to the maximum allowable sentence. On direct appeal petitioner did not argue this point in the context of an ineffective assistance of counsel claim (as he subsequently did before the state supreme court), but, rather, challenged the trial court's failure to rely on this mitigating factor to sentence him to less than the maximum. The failure to raise this issue on direct appeal as one of ineffective assistance would result in procedural default under the principles considered herein, as petitioner has not demonstrated cause for the failure to present that argument to the appellate court and actual prejudice to his appeal.

That aside, this claim of ineffective assistance could not succeed in light of the fact that in making this argument to the state supreme court petitioner admitted that he addressed the court and spoke on his own behalf at sentencing, informing the court that he was suffering from prostate cancer and that he had signed the appropriate form for release of his medical records if the court needed them. Thus, by petitioner's own admission the trial court was aware of his health problem prior to imposing sentence, even though his attorney did not include the information in her comments to the court. Despite that awareness of petitioner's health condition, the trial court imposed the maximum sentence in order to protect the public from petitioner in light of his record of more than ten prior felonies, including manslaughter against a police officer who died as a result of his actions; petitioner's failure to show remorse; the egregious nature of a beating inflicted with a tire iron upon a homeless woman; and the great likelihood of recidivism. It follows that any omission in this regard on the part of his attorney could not have changed the outcome of petitioner's case.

Turning to the first three alleged instances of ineffective assistance of counsel, a petitioner

9

claiming ineffective assistance of counsel must demonstrate that counsel's conduct was so far below acceptable standards of representation that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and that such deficient performance so prejudiced the defense as to render the trial unfair. Strickland v. Washington, 466 U.S. 668 (1984). See also, United States v. Bavers, 787 F.2d 1022 (6th Cir. 1985). Disagreement by a defendant with tactics and/or strategy will not support a claim of ineffective assistance, and a petitioner in habeas corpus must overcome a presumption that challenged conduct of counsel was a matter of strategy, Strickland, 466 U.S. at 689. Accord, Wilson v. Yukins, unreported, 1999 U.S.Dist. LEXIS 7644 (E.D.Mich. 1999). The prejudice prong of the test may be satisfied by a showing that counsel's error deprived the petitioner of a fundamentally fair trial which resulted in a verdict lacking in reliability. Kimmelman v. Morrison, 477 U.S. 365 (1986).

The state appellate court rejected petitioner's claims of ineffective assistance of counsel in this regard, holding in pertinent part:

> In his first assignment of error, appellant argues that he was deprived of his Sixth Amendment right to effective assistance of counsel. Specifically, he argues this deprivation occurred as a result of trial counsel disclosing privileged attorney-client communications to the trial judge, trial counsel's failure to object to the date of the indictment and to leading questions posed by the state, and trial counsel's failure to inform him of the need to subpoena witnesses for trial. For the reasons stated below, appellant's arguments are overruled.
>
> In order to establish ineffective assistance of counsel, appellant must show that 1) the attorney's performance was seriously deficient, and 2) such deficiencies must have prejudiced the defense to such an extent that the results of the trial are unreliable. *Strickland v. Washington* (1984), 466 U.S. 668. Appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *State v. Bradley* (1989), 42 Ohio St.2d 136. In the case sub judice, appellant has

10

failed to establish that the outcome of the trial would have been different.

First, appellant argues that trial counsel improperly revealed privileged attorney-client communications to the court during a sidebar conference. Specifically, counsel informed the court that appellant "blurted out" that he didn't like the jury panel and that appellant "is the one who wanted a trial." Appellant opines that the judge may have been less likely to deny appellant's request for continuance if he had not been informed of appellant's discontent. Appellant's argument is meritless.

The state points out that appellant's statement that he did not like the jury panel was spoken at such a volume that the prosecutor, the jury, and the judge could hear him. The mere fact that trial counsel repeated appellant's previously heard opinion does not rise to the level of ineffective assistance of counsel. We agree.

Likewise, counsel's statement that it was her client who wanted to proceed to trial was proffered at sidebar and there is no evidence this statement was heard by the jury. Any privilege this fact once had was disclosed when appellant proceeded to trial. Counsel's statement of the obvious does not amount to ineffective assistance.

Appellant's second argument is that counsel failed to object when the date of indictment was called into question. When she was on the stand, Shelton stated that the assault took place two days after September 24, 2002. Although counsel may have objected, the trial transcript, taken was a whole, clearly reveals that the assault in question occurred on September 24, 2002.

Ms. Darden, an occupant of the shelter, testified that she witnessed the attack on September 24, 2002. Also, Officer David testified that he was called to the scene of the assault on September 24, 2002 and was told that appellant was the assailant. Although Shelton originally stated that the assault occurred after September 24, 2002, the other testimony in the case clearly shows that September 24, 2002 was the day of the assault.

Thirdly, appellant argues that counsel failed to object to leading questions that were asked during trial. For instance, in relation to the date of the incident, the prosecutor stated to Shelton on direct examination: "September 24th, like we said earlier," to which Shelton responded, "Right." Appellant argues Shelton never independently stated the assault took place on September 24, 2002.

11

> Even had counsel objected to this line of questioning, we cannot say that the outcome of the case would have been different.
>
> Appellant mistakenly concludes that had counsel objected, the trial court would have realized the indictment was faulty and, therefore, dismissed the case. As mentioned above, the testimony, taken as a whole, clearly establishes that the incident occurred on September 24, 2002. Any failure of counsel to object to this leading question was harmless.
>
> Lastly, appellant argues counsel failed to inform him of the need to subpoena witnesses for trial. However, appellant admitted that he was aware of the trial date since the last pretrial. The court, upon learning that defense witnesses were not present, granted a two-hour continuance in order for appellant to present these witnesses. There has been no argument that trial counsel was aware of these witnesses before trial and refused to subpoena them. Appellant's counsel was asked:
>
>> "Court: Has there been any attempt to subpoena these witnesses?
>>
>> Ms. Burnett: No. He just told me the names yesterday. That's why I asked him yesterday if at all possible to have them here today."
>
> Although appellant argues that he had two eyewitnesses to the assault that would have testified on his behalf, appellant has failed to state what they would have said. Therefore, we are without an explanation as to why these witnesses' testimonies would have altered the outcome of the trial. Appellant's argument is without merit.

This Court finds that the state appellate court's conclusion that petitioner had not provided adequate evidence of ineffective assistance of counsel did not amount to an objectively unreasonable application of the rule of Strickland to the facts of this case, nor was it an unreasonable determination of the facts in light of the evidence presented. Consequently, petitioner's first claim for relief is without merit.

In his second claim for relief petitioner argues that the trial court violated his due process

12

rights by refusing to grant him a continuance in order to secure the attendance of two witnesses.

In order for a habeas corpus court to grant relief consequent to the denial of a continuance the petitioner must not only show an abuse of discretion in reaching the decision, but must also demonstrate that the denial was so arbitrarily and fundamentally unfair that it violated basic principles of due process. Mackey v. Dutton, 217 F.3d 399, 408 (6th Cir. 2000), citing Brown v. O'Dea, 187 F.3d 572, 580 (6th Cir. 1999). In addition the petitioner must show that "granting the continuance would have furthered the court's attempt to secure a just determination of the cause." Id., citing Bennett v. Scroggy, 793 F.2d 772, 774 (6th Cir. 1986). The United States Supreme Court has held:

> The matter of a continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

Ungar v. Sarafite, 376 U.S. 575, 589-590 (1964).

In this case the state appellate court found no error consequent to the denial of the defense request for a continuance, holding in pertinent part:

> The decision to grant or deny a motion for continuance lies within the sound discretion of the trial court and cannot be reversed absent a showing that the decision was arbitrary, unreasonable, or unconscionable. *State v. Unger* (1981), 67 Ohio St.2d 65, 67. In the case sub judice, appellant's request for continuance occurred during trial. The court was gracious enough to provide a two-hour continuance in order for appellant to have his witnesses appear. As stated above, although appellant argues that the testimony that would have been given would have been relevant and material, there

13

is no mention of how or why. We find the trial court's denial of the requested continuance to be proper.

This Court finds that the decision of the state appellate court on this issue neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light of the evidence presented. That is particularly so considering that the trial court did provide a recess so that the defense could have the witness appear and that it has been determined that petitioner's counsel's failure to subpoena witnesses prior to trial did not constitute ineffective assistance. Accordingly, petitioner's second claim for relief is without merit.

In light of all the foregoing, it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits and it is, recommended that the petition be dismissed without further proceedings.

DAVID S. PERELMAN
United States Magistrate Judge

DATE: December 13, 2006

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).