UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CURTIS ROSE** | : | Case No. 1:05-CV-01018 |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **CARL S. ANDERSON,** | : | <u>**MEMORANDUM & ORDER**</u> |
| Respondent. | : | |

On April 21, 2005, Curtis Rose ("Rose" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On June 14, 2005, the Court referred this case to Magistrate Judge David S. Perelman, ultimately for preparation of a Report and Recommendation ("R&R") regarding Rose's petition. (Doc. 5.) On September 6, 2005, Respondent filed an Answer/Return of Writ. (Doc. 8.) On November 28, 2006, Rose filed a Reply/Traverse. (Doc. 20.)[1] On December 13, 2006, Magistrate Judge Perelman issued his R&R recommending that this Court deny Rose's petition and dismiss this case. (Doc. 21.) On May 14, 2007, Rose filed objections to that R&R. (Doc. 24.)

---

[1] Although the Magistrate Judge had previously issued an R&R recommending that Rose's petition be denied (Doc. 12) and the Court Adopted that R&R (Doc. 13), Rose filed a Rule 60(b)(1) Motion (Doc. 15), claiming that he did not receive a previous order granting his motion for an extension of time to file a traverse. The Magistrate Judge recommended that this Court grant Rose's 60(b) Motion (Doc. 18), which the Court ultimately did in order to allow Rose an opportunity to file a traverse (Doc. 19).

The Court agrees with the Magistrate Judge's conclusion that Rose has failed to demonstrate that the state court rulings are contrary to, or involved an unreasonable application of, clearly established Federal law. His petition must be **DENIED** and his case **DISMISSED**.

## I. BACKGROUND

The R&R accurately sets forth the factual and procedural background of this case. (Doc. 21 at pp. 1-5.) The Court adopts the R&R's articulation of that background. For clarity, however, the Court will reiterate the most critical facts and procedural history here.

The relevant facts were initially set-forth by the state appellate court:

On or about September 22, 2002, the victim, Latrice Shelton ("Shelton"), asked [Rose] if he would drive her and her disabled father to the grocery store. Appellant agreed to drive the pair for $5, charging an additional $5 to help Shelton carry the groceries back to the car. When they were finished shopping, Shelton gave appellant $20 and appellant indicated he would return with her change. Instead, appellant drove off leaving Shelton and her father at the store.

On September 24, 2002, Shelton saw appellant and asked for the change from the $20. Appellant stated: "Bitch, I don't owe you anything." As Shelton was walking toward appellant, appellant went into the trunk of his car and withdrew a four-way tire iron. Shelton attempted to walk away from the situation, but appellant went towards her swinging the tire iron. Although missing on his first attempt, appellant swung again and struck Shelton on the arm as she protected her head. Appellant then fled the scene in his vehicle. Shelton was taken to Lutheran Hospital for evaluation and treatment.

On September 25, 2002, appellant again confronted Shelton, this time threatening to kill her. Shelton reported the incident to police. A few days later, Shelton saw appellant, notified nearby police officers of the earlier incident and report, and appellant was arrested.

In October 2002, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11. On January 29, 2003, trial commenced. At the conclusion of the state's case, appellant moved the court for a one-day continuance in order to procure two witnesses. The court denied this request, but delayed the presentation of appellant's case for two hours. Two of appellant's three witnesses failed to appear. On January 31, 2003, appellant was found guilty of felonious assault. On February 12, 2003, the court sentenced appellant to a term of eight years' imprisonment.

*State v. Rose*, 2004 Ohio 2151, ¶5 (Ohio Ct. App. 2004) (footnotes omitted).

>Rose appealed his conviction to the state court of appeals on three grounds:
>
>1. Appellant's Sixth Amendment right to effective assistance of counsel was deprived by Trial Court appointed defense counsel because: (a) counsel disclosed privileged attorney client communications to the Trial Court Judge and prosecutor; (b) counsel did not object to the erroneous date on the indictment; (c) counsel did not object to the leading questions posed by the prosecution on direct examination of the State's witnesses; (d) counsel did not inform the Appellant of the need to subpoena and have his rebuttal witnesses present on the day of the trial in order to present a defense.
>
>2. The Trial Court erred by: (a) preventing the Appellant from presenting a defense by not allowing Appellant to call an eye witness to the alleged assault; (b) denying the Appellant's request for a jury instruction on a lesser included offense.
>
>3. The Appellant has an automatic right of appeal under Ohio Revised Code section 2953.08(A)(l)(a) when sentenced to a maximum penalty for one offense.

(Doc. 21 at 2.)  Rose's appeal was denied on May 10, 2004.  (*Id*.)  Rose also appealed these same issues to the Ohio Supreme Court, which, on September 20, 2004, dismissed his appeal as not involving any substantial constitutional question.  (*See* Doc. 21 at 2-3.)

On April 21, 2005 petitioner filed the instant *pro se* petition, in which he raises the following claims for relief:

>A. GROUND ONE: Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
>Supporting FACTS: Trial counsel was ineffective for disclosing privileged attorney/client communications to the trial court judge and prosecutor regarding, inter alia, whose choice it was to go to trial; failing to fully cross-examine witnesses and object to leading questions asked by the prosecutor during direct examination, the most damaging instance is when the victim was led to agree the alleged assault took place on 9/24/02 where previous testimony alleged the assault took place two days later; failing to subpoena witnesses on behalf of the defense who are (2) eyewitnesses; failing to offer mitigating evidence at sentencing only asking for a middle range sentence arguing victim not seriously injured.  When court granted Petitioner permission to speak on his behalf, he told the court of medical records in the Sheriffs possession proving he has prostate cancer which he signed a release for the records.  Counsel made no attempt to argue this in mitigation due to lack of investigation by counsel for a plausible mitigation in sentence.

3

B. GROUND TWO: Petitioner was denied due process when the trial court refused to grant a continuance to allow an eyewitness to become available.

Supporting FACTS: Trial courts should not refuse to grant reasonable recesses for purposes of obtaining defense witnesses when it has been shown that the desired testimonies would be relevant and material to the defense. Defense counsel informed the court that both witnesses were present at the time of altercation.  Counsel did not subpoena the witnesses. The witness who did not testify because she was with her husband at the hospital at the time but could have been present the next morning.  When the trial court failed to recess til the next morning to allow Petitioner to put on his case, it denied Petitioner of his right to fair tribunal under the United States Constitution.

C. GROUND THREE: Petitioner denied his due process right to fair tribunal in the administration of equal treatment when imposing the maximum sentence where several factors are present demonstrating that the maximum sentence is not warranted.

Supporting FACTS: Aside from Petitioner's medical condition [prostate cancer] the record does not establish the offense was the worst form of offense, no serious injury was sustained by the victim, victim fully recovered prior to trial victim did not spent overnight in a hospital. These factors should have been considered in imposing sentence but were not.  This ground for relief lends support to Petitioner's second ground for relief that he was denied a fair tribunal as required under the federal and state constitutions.

(*See* Doc. 21 at 3-4.)

**II. LAW AND STANDARD OF REVIEW**

Because Rose filed his habeas petition on April 21, 2005, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).  AEDPA provides that when a federal habeas claim has been adjudicated by the state courts, a writ shall not issue unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the

4

evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

### A. Habeas Courts May Only Review Certain Errors

Even when the state has committed constitutional errors, a habeas court is not necessarily entitled to provide relief.  A writ can only issue under 28 U.S.C. § 2254(d)(1) if a state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Under 28 U.S.C. § 2254(d)(2), a writ is only appropriate if the state adjudication was "objectively unreasonable," rather than merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.  A habeas court, moreover, reviews only for serious constitutional errors and does not engage in factual error correction.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  To the extent that a state court's factual conclusion is alleged erroneous and to have resulted in a constitutional violation, the state court's finding is rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).

### B. Even Otherwise Cognizable Errors are Not Always Reviewable

A federal court will not review a state court's interpretation of state law.  For this reason, courts do not review any state court determination that is supported by an independent and adequate basis that does not implicate a federal right.  *See Michigan v. Long*, 463 U.S. 1032, 1039 (1983) ("[W]here the judgment of a state court rests upon two grounds, one of which is federal and the other non-federal in character, our jurisdiction fails if the non-federal ground is independent of the federal ground and adequate to support the judgment.") (citation omitted); *see also Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 424 (6th Cir. Ohio 2003).  This principle operates to limit the permissible role of a habeas court, which cannot adjudicate a state court

5

determination that a claim was simply not fully presented to the state courts for review, as such a "procedural default" operates as an independent and adequate state jurisdictional bar. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007). Accordingly, when a petitioner has failed to comply with a state procedural rule with respect to a particular claim, federal courts are frequently barred from considering the underlying claim. *See id*.

To determine whether a claim has been procedurally defaulted, courts of the Sixth Circuit first ask whether a claim has been presumptively defaulted and then, if so, whether petitioner can show some grounds under which a court could excuse this default. *See Nields v. Bradshaw*, 482 F.3d 442, 451 (6th Cir. 2007); *Abdus-Samad v. Bell*, 420 F.3d 614, 623 (6th Cir. 2005). To determine whether a claim has been presumptively defaulted, a court inquires whether:

> (1) there is a state procedural rule that applies to the petitioner's claim with which the petitioner failed to comply;
>
> (2) that rule is actually enforced by state courts;
>
> (3) the state procedural forfeiture is an independent and adequate state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). If each prong of this analysis is met, a claim is presumptively defaulted. *See Abdus-Samad*, 420 F.3d at 623. Even if these first three prongs are met, however, a habeas court will review the merits of an underlying constitutional claim if a petitioner can show "cause and prejudice" for failure to follow the relevant procedural rule or that the petitioner is "actually innocent" of the underlying offense. *Poindexter v. Mitchell*, 454 F.3d 564, 583 (6th Cir. 2006).[2]

---

[2] Many courts refer to this process of determining presumptive default and then examining whether there are grounds under which a court might excuse this default as a singular four-part analysis. *See, e.g.*, *Franklin*, 434 F.3d at 418.

6

## III. THE COURT AGREES WITH THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magistrate Judge Perelman's R&R ably and correctly addresses all three grounds upon which Rose seeks habeas relief. As an initial matter, the Court agrees with the Magistrate Judge that Rose has procedurally defaulted his third claim of relief, in which Rose seeks to attack his sentence as excessive. It is well-established that a claim is procedurally defaulted, and thus ineligible for habeas review, when that claim has only been presented to the state courts as an issue of state law and the petitioner cannot properly return to the state courts for consideration of the issue as a federal constitutional claim. *Cvijetinovic v. Eberlin*, No. 04-CV-2555, 2008 U.S. Dist. LEXIS 26483, at *31-32 (N.D. Ohio Mar. 31, 2008). There is little question that Rose articulated this claim before the state courts purely as a matter of state law, and, indeed, did not "raise arguments and/or rely on authorities employing federal constitutional analysis." (*See* Doc. 21 at 7.); *accord Sheppard v. Bagley*, No. 1:00-CV-493, 2009 U.S. Dist. LEXIS 21290, at *13 (S.D. Ohio Mar. 4, 2009) ("[T]his Court agrees with and adopts the Magistrate Judge's conclusion that petitioner waived this claim by failing to fairly present it to the state courts as a federal claim."). Indeed, although the district court has reviewed this conclusion *de novo*, Rose does not appear to object to this portion of the R&R. *Cf. McClendon v. Challenge Fin. Investors Corp.*, No. 1:08-CV-1189, 2009 U.S. Dist. LEXIS 17908, at *7 (N.D. Ohio Mar. 9, 2009) (declining to review portions of the R&R to which objections were not filed).[3]

---

[3] Although Rose states that he objects to the R&R "in its entirety" (Doc. 24 at 7), this type of general objection does not preserve his right to review. *Joiner v. Evans*, No. 99-5128, 1999 U.S. App. LEXIS 32577, at *4-5 (6th Cir. Dec. 9, 1999) ("[P]laintiff waived appellate review because he filed only a general objection to the magistrate judge's report and recommendation."); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. Mich. 1994) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object." (quotation omitted)); *Strong v. U-Haul Co. of Mass.*, No. 03-CV-0383, 2009 U.S. Dist. LEXIS 27390, at *5 (S.D. Ohio Mar. 31, 2009) ("General objections are insufficient to preserve any issues for review." (citation omitted)).

Similarly, although Rose does not obviously object to the Magistrate Judge's conclusion that Rose is not entitled to habeas relief because the trial court denied his request for a continuance (Doc. 21 at 14), this Court has reviewed the Magistrate Judge's findings on this issue *de novo* and agrees with his conclusion (Doc. 21 at 12-14). In particular, as first noted by the state appellate court, "although appellant argues that the testimony that would have been given [had Rose been granted a continuance in order to obtain additional witnesses] would have been relevant and material, there is no mention of how or why." *Rose*, 2004 Ohio 2151, ¶20.[4] Under such circumstances, this Court cannot say that the trial court violated Rose's constitutional rights by denying his request for a continuance. *Beuke v. Houk*, 537 F.3d 618, 641 (6th Cir. 2008) ("To obtain habeas relief, it is not sufficient for the petitioner to show that the trial court arbitrarily denied the continuance request; he must also show that the denial of a continuance actually prejudiced his defense." (quotation omitted)).

Finally, this Court agrees with the Magistrate Judge's conclusion that Rose did not receive constitutionally ineffective assistance of counsel. (Doc. 21 at 12); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient…. Second, the defendant must show that the deficient performance prejudiced the defense."). Rose's sole specific contention here is that his counsel should have investigated potential eyewitnesses. (Doc. 24 at 4-7.)[5] As previously explained, however, Rose has not suggested what these

---

[4] Rather than attempting to explain what this testimony might have been, the Petitioner's traverse, albeit in a different context, asserts that the substance of the proposed testimony of the potential eyewitnesses is not relevant to the merits of his petition. (Doc. 20 at 7.) As explained by both the Magistrate Judge and state court of appeals, this is simply incorrect.

[5] As with Rose's other initial claims before the Magistrate Judge, however, the Court has reviewed all of Rose's grounds asserting ineffective assistance of counsel *de novo* and does not

eyewitnesses might have said, much less how they might have altered the outcome of his trial. This is, simply put, a necessary showing for a petitioner who would like to assert ineffective assistance of counsel.  *Brunt v. McAdory*, 65 Fed. Appx. 59, 62 (7th Cir. 2003) (per curiam) ("[The] post-conviction petition was devoid of any information regarding what testimony the alibi witnesses would have given had they been called at trial. Without that information [Petitioner] could not show either that counsel's failure to investigate the witnesses constituted deficient performance or that it prejudiced his case in any way."); *see also Coleman v. United States*, 225 Fed. Appx. 577, 578 (9th Cir. 2007) ("[T]here is no reasonable probability that the [witnesses Petitioner] argues that counsel should have investigated prior to trial would have affected the outcome of the proceedings. Therefore, counsel was not ineffective for failing to investigate."); *Mukes v. United States*, No. 94-6461, 1995 U.S. App. LEXIS 15348, at *6 (6th Cir. June 16, 1995) ("[Petitioner's] counsel rendered effective assistance, even if he did not further investigate three witnesses that [Petitioner] made known to him.").  Under these circumstances, Rose's claim for ineffective assistance of counsel is not well-taken.

### VI. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** the R&R and **DENIES** Rose's petition for a writ of habeas corpus.

Accordingly, Curtis Rose's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and his case **DISMISSED**.  The court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 USC 2253; Fed.R.App.P. 22(b).

---

find them well-taken.  *Accord Thomas v. Lafler*, No. 2:06-CV-12757, 2008 U.S. Dist. LEXIS 42713, at *18 (E.D. Mich. May 30, 2008) ("Petitioner fails to provide adequate support for his conclusory claims that his attorney should have conducted further investigation or pretrial preparation. A conclusory claim, not supported by facts, will not entitle a petitioner to habeas corpus relief." (citing *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir.1991))).

    **IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 30, 2009**